**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE** DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br>FRANCISCO NIEVES PIZARRO<br>MARILYN CUADRADO NIEVES<br><br>xxx-xx-1680<br>xxx-xx-5850 | Case No.:<br><br>Chapter 13<br><br>☐ Check if this is a pre-confirmation amended plan<br><br>☐ Check if this is a post confirmation amended plan<br>Proposed by:<br>☑ Debtor(s)<br>☐ Trustee<br>☐ Unsecured creditor(s) |
| **Puerto Rico Local Form G**<br><br>**Chapter 13 Plan dated** December 26, 2019 . | If this is an amended plan, list below the sections of the plan that have been changed. |

## PART 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1   **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $600.00 | Months 1 through 60 | $36,000.00 | |

Debtor  FRANCISCO NIEVES PIZARRO  Case number  
MARILYN CUADRADO NIEVES

| Subtotals | 60 Months | $36,000.00 |
|---|---|---|

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ✓ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
- ✓ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ✓ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| FIRST BANK PUERTO RICO | 2019 NISSAN FRONTIER | $696.00  Disbursed by: ☐ Trustee  ✓ Debtor(s) | $1.00 | 0.00% | _____ Months Starting on Plan Month _____ | $1.00 |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
- ✓ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

| Debtor | FRANCISCO NIEVES PIZARRO<br>MARILYN CUADRADO NIEVES | Case number | |
|---|---|---|---|

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance**.

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of creditor** | **Collateral** |
|---|---|
| ASOCIACION DE EMPLEADOS DEL ELA | AEELA FUNDS |
| COOPERATIVA LOMAS VERDES | SHARES AND DEPOSITS |
| COOPERATIVA LOMAS VERDES | SHARES AND DEPOSITS |

*Insert additional claims as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| *Name of secured creditor* | *$ Amount of APMP* | *Comments* |
|---|---|---|
| EMPRESAS BERRIOS INC. | 15.00 | |

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☑ Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| EMPRESAS BERRIOS INC. | | $1,806.00 | 0.00% | | | | | | $1,806.00 |

| Debtor | FRANCISCO NIEVES PIZARRO MARILYN CUADRADO NIEVES | | | | | | | | Case number | |

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| | | ✓ To be paid in full 100% | | | | | | Starting on Plan Month | |

*Insert additional claims as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

☐ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

✓ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | | |
|---|---|---|
| Attorney's fees paid pre-petition: | $ | 700.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ | 3,300.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ | |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

✓ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $4,375.11

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| INTERNAL REVENUE SERVICE | $4,375.11 |

*Insert additional claims as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
✓ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**
*Check one.*
✓ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

Debtor     FRANCISCO NIEVES PIZARRO          Case number
              MARILYN CUADRADO NIEVES

**5.1**     **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

- ☐ The sum of $_____.
- ☐ _____% of the total amount of these claims, an estimated payment of $_____.
- ☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
- ☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2**     **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**     **Other separately classified nonpriority unsecured claims.**
*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1**     The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

- ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1**     **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
- ☐ Plan confirmation.
- ☑ Entry of discharge.
- ☐ Other: _____

**7.2**     **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

| Debtor | FRANCISCO NIEVES PIZARRO | Case number | |
|---|---|---|---|
| | MARILYN CUADRADO NIEVES | | |

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1  Check "None" or list the nonstandard plan provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.000 NONSTANDARD PROVISIONS (11.07.2019)**

**8.001 HEADING AND TITLES:**
The headings contained in this plan are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Plan or any provision hereof.

**8.003 RETENTION OF LIENS AND MODIFICATION OF LBF G, PART 3**
The lien holder of any allowed secured claim, provided for by the plan will retain its existing lien until and according to the terms and conditions of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II), unless otherwise provided on this plan. Upon compliance with the terms of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II) the lien will be extinguished.

**8.004 RESERVATION OF RIGHTS**
Unless otherwise specified in this plan, nothing in this plan is intended to abrogate the Chapter 13 Trustee's and/or Debtor's state law contract rights, or to waive any claims and/or defenses, including but not limited to the defense and/or prosecution of cases in any forum.

**8.005 PLAN INCORPORATES ORDERS, JUDGMENTS AND STIPULATIONS**
This plan incorporates by reference, as if fully repeated herein, all orders, judgments, rulings, court's determinations, agreements and stipulations, in this bankruptcy case and/or associated adversary proceedings.

**8.006 PROJECTED TAX REFUNDS AND MODIFICATION OF LBF G, PART 2, SECTION 2.3**
Post-Petition-Non-Exempt income-tax refunds that the Debtor(s) actually receive(s) during the term of this Chapter 13 Plan (the "Plan"), in excess of **$600.00** will be used to fund this Plan to the extent and only if they are "Projected Disposable Income" as such term is defined in Section 1325(b)(1) and/or applicable case law. Debtor(s) may retain up to the amount of **$600.00** of tax refund for personal use. In order to retain any amount in excess of **$600.00** Debtor(s) must request authorization from the Bankruptcy Court in order to determine if the amount requested is necessary for the maintenance and support of the Debtor.

**8.007 SALE OR REFINANCING OF PROPERTY**
Notwithstanding whatever provided in preceding Section 7.1 of this plan, if the plan is funded by the proceeds of a sale or refinancing of property of the estate, the property of the estate shall not vest on Debtor(s)and the Court shall retain jurisdiction over such property and any related transactions until its completion.

**8.008 EXCLUDED PROPERTIES AND MODIFICATION OF LBF G, PART 3, SECTION 3.5**
For properties for which the stay is modified and/or lifted by motion, order and/or under this plan's section 3.5, hereinafter referred as "excluded property", if a private or judicial sale of the "excluded property" occurs and proceeds are left after payment of all liens and all costs of the judicial sale, the proceeds from the sale that are not exempt will be paid into the plan and the plan's base will be deemed amended automatically without further hearing.

**8.009 POST CONFIRMATION OBJECTION TO PROOFS OF CLAIMS**
Confirmation of this plan does not bar a party in interest from objecting to a proof of claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**8.010 ANTICIPATED SECURED CREDITORS FILING AS UNSECURED AND MODIFICATION OF LBF G, PART 3**
If a claim is listed and provided for as secured in any of the sections of Part 3 of this plan, and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured under plan section 5.1 of this plan for purposes of distribution and for any other purpose under the plan. Upon confirmation or approval of this plan or amended plan, a creditor's lien over property of the

| Debtor | FRANCISCO NIEVES PIZARRO | Case number | |
| | MARILYN CUADRADO NIEVES | | |

estate will be void and forever extinguished when such creditor(s) files an unsecured proof of claim or an amended proof of claim.

### 8.011 PROPERTY OF THE ESTATE
Property of the estate in a Chapter 13 includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the Debtor(s)after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

### 8.012 CONSENT TO A PROHIBITION FOR RELIEF FROM THE STAY
A creditor that it is provided for under the terms of this plan and fails to file a timely allowed proof of claim within the time period required by Federal Bankruptcy Rule 3002(c), will have consented to a prohibition to request relief from the automatic stay (11 U.S.C. §362) and/or the co Debtor(s)stay (11 U.S.C. §1301)

### 8.013 ARBITRATION AGREEMENTS AND ALIKE
This plan specifically rejects, avoids, cancels and otherwise releases the Debtor(s)from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s)any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor(s)or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor(s)or the Chapter 13 Trustee. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case. All contractual provisions regarding arbitration or alternative dispute resolution in a contract underlying any claim provided for by this plan shall be unenforceable.

### 8.014 RESERVATION OF RIGHTS
Confirmation of this plan shall constitute a finding that the Debtor(s) do not waive, release or discharge but rather retain and reserve, for themselves, the estate and/or the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court. Nothing in this section shall be interpreted as a claim of exemptions or an amendment to the claimed exemptions. Nothing in this provision should be construed as a claim of exemption outside those claimed in Schedule "C".

### 8.015 ORDER LIFTING THE STAY AND MODIFICATION OF LBF G, PART 3
For properties for which the stay is modified and/or lifted by motion, order and/or agreement, hereinafter referred as "stay excluded property", will be deemed treated pursuant to Part 3, Section 3.5 as surrendered collateral. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

### 8.016 RETURN OF TITLE ON PERSONAL PROPERTY AND MODIFICATION OF LBF G, PART 4
Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy, for which the certificate of title is in the possession of the secured party, the secured party shall within ten (10) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles and/or the Department of Public Transportation prescribes, and mail or deliver the certificate and release to the Debtor(s)or the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s)in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s)specifically reserves the right to file a motion to reopen this case under 11 U.S.C. §350 to pursue the rights and claims provided for herein.

### 8.017 TRANSFER OF RIGHTS, PROOF OF CLAIMS AND/OR CREDITS
If a claim has been transferred by the holder thereof, after the holder has filed a proof of claim, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to

| Debtor | FRANCISCO NIEVES PIZARRO<br>MARILYN CUADRADO NIEVES | Case number | |
|---|---|---|---|

the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

### 8.019 RESERVATION OF RIGHTS TO OBJECT PROOFS OF CLAIMS
The Debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the Debtor(s)may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the plan reserves the right, for the Debtor(s) and the Chapter 13 Trustee, to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the Debtor(s)raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. Notwithstanding, if an objection is filed on any proof of claim filed, the Chapter 13 Trustee will reserve the funds that were to be distributed on account of the objected proof of claim, until the objection is withdrawn or adjudicated by Court order. The Debtor(s) also reserves for the estate, except for those amounts Debtor claims exempt, which are hereby reserved for the Debtor(s), all claims or causes of action he/she may have, could have or might have based on any claim filed in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action or the admission of the existence of the underlaying debt.

### 8.020 CREDITORS UNDER 11 U.S.C.§1325(A)(9)(*) AND MODIFICATION OF LBF G, PART 3, SECTION 3.5
11 U.S.C.§1325(a)(9)(*) provides that for purposes of paragraph (5) of §1325(a), §506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in 49 U.S.C. §30102) acquired for the personal use of the Debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing. Since 506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

### 8.021 PROHIBITED ACTS BY CREDITORS
Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor(s)that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (2) the enforcement, against the Debtor(s)or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the Debtor(s)any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the Debtor(s)that arose before the commencement of the case under this title against any claim against the Debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate Debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a Debtor(s)who is an individual for a taxable period ending before the date of the order for relief under this title.

### 8.022 REJECTION OF IPSO FACTO CLAUSES AND OTHERS
The plan filed by the Debtor(s)herein specifically rejects, avoids, cancels and otherwise releases the Debtor(s)from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s)in default under any such agreement for filing a bankruptcy/insolvency action (Ipso Facto Clauses). Consequently, confirmation of this plan shall constitute a finding that any such Ipso Facto Clauses, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s)in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such Ipso Facto Clauses be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s)hereby specifically rejects all existing contracts for credit that are not specifically accepted or reaffirmed, including and particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

### 8.023 CAUSES OF ACTION
The Court will retain jurisdiction over all existing causes of action.

---

| Debtor | FRANCISCO NIEVES PIZARRO | Case number | |
|---|---|---|---|
| | MARILYN CUADRADO NIEVES | | |

**8.024 NO NOVATION OF CONTRACTUAL DEBTOR**
Unless specifically otherwise provided in this plan, the Order confirming this plan, shall not be construed to constitute a novation of the contractual debtor or change of the contractual debtor, regarding contractual obligation between the contractual debtor and the creditor/party in interest, holding a lien over property of the estate.

**8.025 SURRENDER, SATISFACTION OF LIENS AND MODIFICATION LBF G, PART 3, SECTION 3.5**
Upon confirmation of this plan, Debtor(s) surrenders and the stay is lifted as to the collateral(s) provided in section 3.5, to allow the lien holder(s) to proceed with in rem remedies against the collateral, in full payment of the lien, in partial payment of its claim, and extinguishing the lien. Any allowed claim by a creditor(a) provided for in section 3.5 shall receive no distribution under the plan, as to its secured portion as it will be fully satisfied by the surrender of the collateral. All payments and deductions regarding the obligation secured by the collateral shall immediately cease and shall be stopped by any entity making them or withdrawing them. Any unsecured portion of the claim as filed, or later filed amending the same to reflect a deficiency balance after surrender, shall be paid as an unsecured claim pursuant to plan section 5.1 of this plan, within the terms and conditions of this plan. This provision does not allow for the lien holder to create, perfect a present a lien.

**8.026 CO-DEBTOR STAY, CODEBTOR DEBTS AND MODIFICATION LBF G, PART 5, SECTION 5.3**
All payments to co-debtor claims shall be applied to principal first until paid in full. Unless otherwise specifically specified in this plan, nothing in this plan is intended to lift any applicable co-debtor's stay under 11 U.S.C. §1301, or to abrogate co-debtor's state law contract rights, or to waive any co-debtor's claims and/or defenses.

**8.027 STUDENT LOANS PAYMENT APPLICATION**
All payments to the student loan claims shall be applied to principal first until paid in full. However, the unpaid interest accumulated during the payment term shall remain due and owing and shall not be discharged.

**8.028 CONTINGENT CLAIMS**
The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposes of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

**8.030 REVOCATION OF CONSENT WITH RESPECT TO ALL FORMS OF TELEPHONIC COMMUNICATIONS**
All creditors are prohibited from contacting the Debtors by way of their telephones. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form of communication by cell phone or otherwise. These provisions apply to all parties in interest or who claim authority by contract, assignment, power of attorney, agency, or otherwise to contact or attempt to contact the Debtors by way of their respective wireless telephones or cell phones or land lines. This provision does not apply to the Chapter 13 Trustee, who may communicate with the Debtor(s).

**8.035 PROHIBITION OF CREDIT REPORTING**
No creditor shall report as delinquent to any credit reporting agency any debt provided for in accordance with this plan.

**8.040 POST CONFIRMATION ATTORNEY'S FEES AND MODIFICATION LBF G, PART 4, SECTION 4.3**
This provision modifies LBFG, Part 4, Section 4.3 The estimated amount of post confirmation attorney's fees provided in section 4.3 of this plan is the amount estimated for plan sufficiency purposes. If no timely application for post confirmation compensation is filed within fourteen (14) days from the date of entry of the order approving this post confirmation modified plan, then the amount estimated in section 4.3 will be the additional attorney's compensation requested, or the maximum amount allowed by Local Bankruptcy Rule 2016-1(f)(3), which ever is less.

**8.050 LIQUIDATION VALUE INTEREST AND MODIFICATION OF LBF G, PART 5, SECTION 5.1**
If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately the amount provided in Part 5, Section 5.1 of this plan, hereinafter "the liquidation value", and in addition Debtor(s) will pay on the liquidation value a present value annual interest of 3.25%.

**8.102 SATISFACTION OF STATUTORY LIENS AND MODIFICATION LBF G, PART 3, SECTION 3.1**
All secured creditors, which are provided in Section 3.1 of this plan, holding a lien in residential property of the Debtor and/or the estate, and that are also entitled to a statutory lien over other existing and/or future property of the Debtor and/or the estate, upon confirmation of this plan the statutory lien and/or the right to a statutory lien will be fully satisfied and shall immediately cease to exist and will be for ever extinguished.

## PART 9: Signature(s)

| /s/ JUAN M. SUAREZ-COBO | Date | December 26, 2019 |
|---|---|---|
| JUAN M. SUAREZ-COBO 211010 | | |
| **Signature of Attorney of Debtor(s)** | | |

| Debtor | FRANCISCO NIEVES PIZARRO  MARILYN CUADRADO NIEVES | | Case number | |
|---|---|---|---|---|

| /s/ FRANCISCO NIEVES PIZARRO | **Date** | /s/ MARILYN CUADRADO NIEVES |
|---|---|---|
| FRANCISCO NIEVES PIZARRO | | |
| /s/ MARILYN CUADRADO NIEVES | **Date** | /s/ MARILYN CUADRADO NIEVES |
| MARILYN CUADRADO NIEVES | | |

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**